Cite as 2023 Ark. App. 370

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E-22-309

| | | |
|---|---|---|
| KATHY HICKS | | Opinion Delivered September 6, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | [NO. 2021-BR-05219] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES; AND JOHN CAGE ENTERPRISES | | |
| | APPELLEES | REMANDED |

**WENDY SCHOLTENS WOOD, Judge**

Appellant Kathy Hicks appeals an adverse decision of the Arkansas Board of Review (the "Board") finding her liable to repay unemployment benefits plus a statutory penalty. We remand for proceedings consistent with our opinion.

The Division of Workforce Services (the "Division") issued a notice of fraud overpayment determination on July 29, 2021, finding Hicks liable to repay benefits in the amount of $15,025 pursuant to Arkansas Code Annotated section 11-10-532(a) (Supp. 2023). The determination was affirmed on appeal first by the Appeal Tribunal (the "Tribunal") and then by the Board. The basis for the repayment determination involves an initial underlying claim for unemployment benefits filed by Hicks on April 7, 2020.

In the underlying claim, the Division issued a determination disqualifying Hicks from receiving these benefits under Arkansas Code Annotated section 11-10-519(a)(1) (Supp. 2023), and its determination was affirmed by the Tribunal. The Tribunal found that Hicks indicated in her claim for benefits that she was working reduced hours but found the evidence presented at the hearing demonstrated she had not actually worked since March 17, 2020. The Board affirmed the Tribunal's decision. Hicks's appeal from the Board's decision is also handed down today. *Hicks v. Dir.*, 2023 Ark. App. 371 (*Hicks I*).

The basis of the Tribunal's finding in *Hicks I* is that Hicks allegedly made a misrepresentation of fact in the application for benefits that she filed on April 7, 2020. Because the record on appeal in *Hicks I* did not contain the April 7 application, we remanded to supplement the record. *Hicks I*. We cannot reach the merits of Hicks's appeal in this case until there has been a final determination on the underlying unemployment-benefits claim. Therefore, in light of our disposition in *Hicks I*, we remand this case until a final determination is made by the Board in the underlying claim.

Remanded.

VIRDEN and KLAPPENBACH, JJ., agree.

*Kathy Hicks*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.